**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-02977-REB-KLM

IOWA PACIFIC HOLDINGS, LLC,

    Plaintiff,

v

NATIONAL RAILROAD PASSENGER CORPORATION,

    Defendant.

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

**Blackburn, J.**

The matter before me is the **Plaintiff's Motion for Temporary Restraining Order and Mandatory Preliminary Injunction** [#2][1] filed December 22, 2009. The plaintiff filed a brief [#3] in support of its motion, the defendant filed a response [#7], and the plaintiff filed a reply [#8]. I deny the motion for temporary restraining order and direct the parties to arrange for the setting of a hearing on the plaintiff's motion for preliminary injunction.

Beginning at 10:00 a.m. this morning, December 23, 2009, I held a hearing on the plaintiff's motion insofar as the plaintiff requests a temporary restraining order. At the beginning of the hearing, I informed the parties that I credited them with the evidentiary matter, including declarations and exhibits, that is attached to the motion, response, and reply. The parties presented oral argument, but did not present

---

[1] "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

additional evidence. In determining whether a temporary restraining order should issue, I have judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; I have considered the evidence adduced in the motion, response, and reply; I have considered the oral argument made by counsel for the parties at the December 23, 2009, hearing; and I have considered the reasons stated, arguments advanced, and authorities cited by the parties in the motion, response, and reply.

## I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

## II.  STANDARD OF REVIEW

A temporary restraining order is extraordinary relief.  A party seeking a temporary restraining order or preliminary injunction must show 1) a substantial likelihood that the movant eventually will prevail on the merits; 2) that the movant will suffer irreparable injury unless the injunction issues; 3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) that the injunction, if issued, would not be adverse to the public interest.  **Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980); **Schrier v. University Of Colorado**, 427 F.3d 1253, 1258 (10th Cir. 2005).  In addition to the foregoing factors, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. **F**ED. **R**. **C**IV. **P. 65(b)**.

I conclude that the plaintiff is seeking a temporary restraining order that falls in the category of specifically disfavored injunctions.  The three types of specifically disfavored injunctions are (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant

all the relief that it could recover at the conclusion of a full trial on the merits.  ***O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft***, 389 F.3d 973, 975 (10th Cir. 2004).  When seeking a disfavored injunction, a plaintiff faces a higher standard of proof.

> (C)ourts in this Circuit must recognize that any preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course. Furthermore, because a historically disfavored preliminary injunction operates outside of the normal parameters for interim relief, movants seeking such an injunction are not entitled to rely on this Circuit's modified-likelihood-of-success-on-the-merits standard. Instead, a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms, and may not rely on our modified likelihood-of-success-on-the-merits standard.

***Schrier***, 427 F.3d at 1261 (quoting ***O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft***  389 F.3d 973, 975 - 976 (10th Cir. 2004)).

### III.  BACKGROUND

In this case, the plaintiff, Iowa Pacific Holdings, LLC (IPH), has made substantial efforts to begin operating a train service from Denver, Colorado, to Winter Park, Colorado.  Historically, such a train service was operated by one or more entities who are not parties to this case.  The train service is meant to provide transportation from Denver to Winter Park for people who wish to ski at Winter Park.  The train service is designed to provide transportation from Denver to Winter Park in the morning and return transportation to Denver in the evening.  The parties refer to the past train service and the plaintiff's proposed train service as the ski train, and I adopt that reference.

In its complaint [#1] and in its present motion, IPH alleges that it has a contract with the defendant, National Railroad Passenger Corporation, under which the defendant is obligated to provide locomotive crews for IPH's ski train operation. IPH has

scheduled ski train service to begin on December 27, 2009, and to continue on a regular schedule through late March, 2010. However, IPH's ski train service cannot operate without locomotive crews provided by the defendant. The defendant contends that it is not obligated to provide locomotive crews to IPH because there is no valid contract that requires the defendant to provide locomotive crews to IPH. The defendant, National Railroad Passenger Corporation, is an entity commonly known as Amtrak, and I will refer to the defendant as Amtrak.

In its complaint, the plaintiff alleges a claim for breach of contract and a claim for promissory estoppel. The promissory estoppel claim is pled in the alternative. In its breach of contract claim, the plaintiff contends that there is a valid contract between IPH and Amtrak under which Amtrak is obligated to provide locomotive crews for IPH's ski train operation. IPH alleges that Amtrak positively and unequivocally has expressed its intention not to provide locomotive crews for the ski train. In its promissory estoppel claim, IPH alleges that Amtrak promised IPH that Amtrak would provide locomotive crews for the ski train at an agreed price, and that IPH reasonably relied on Amtrak's promise by, *inter alia*, making preparations to provide train equipment, advertising, hiring staff, and selling tickets. In both of its claims, as stated in the complaint, and in its present motion, IPH asks that Amtrak be required to provide locomotive crews for IPH's ski train operation. To the extent the court does not award injunctive relief or specific performance, IPH seeks an award of damages.

### IV.  ANALYSIS

#### A.  Mandatory Injunction

IPH seeks a temporary restraining order, a form of injunctive relief. Specifically, IPH seeks a temporary restraining order "(d)irecting Defendant [Amtrak] to provide

locomotive crews for the Ski Train from December 27, 2009 through the end of March 2010 pursuant to the parties' agreement . . . ." *Plaintiff's Motion for Temporary Restraining Order and Mandatory Preliminary Injunction* [#2], p. 2.  I conclude that IPH seeks an injunction that falls within the class of disfavored injunctions described in ***O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*** 389 F.3d 973, 975 (10th Cir. 2004) and in ***Schrier v. University Of Colorado***, 427 F.3d 1253, 1259 (10th Cir. 2005).  Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." ***Schrier***, 427 F.3d at 1259.  In contrast, a prohibitory injunction prohibits the nonmovant from taking certain actions.  The plaintiff seeks an injunction that would affirmatively require Amtrak to act in a certain way by providing locomotive crews to IPH's ski train operation.  This is a disfavored injunction.

If the proposed temporary restraining order ripened into a preliminary injunction, then the preliminary injunction likely would afford IPH essentially all of the relief it could recover at the conclusion of a full trial on the merits.  Ultimately, IPH asks in its complaint that Amtrak be required to provide locomotive crews for the ski train until the end of March 2010.  A preliminary injunction likely would be in effect until late March of 2010.  Thus, such a preliminary injunction likely would provide IPH essentially all the relief that it could recover at the conclusion of a full trial on the merits.  This is a disfavored injunction.

### B. Likelihood of Success on the Merits

Having reviewed the evidence in the record and having heard the parties' arguments, I conclude that IPH has not made the required showing of a substantial likelihood of success on the merits of its breach of contract claim.  IPH seeks to prove that Amtrak offered and IPH accepted terms of a contract by showing a form contract

sent to IPC by Amtrak in late October, 2009, and a series of subsequent e-mails addressing certain terms of the contract.  A careful reading of the e-mails indicates some general acceptance of certain terms, but also indicates the expression of some reservations and contingencies on acceptance by both parties.  Reviewing the evidence cited by IPH in support of its contention that there is a valid contract between IPH and Amtrak, I conclude that IPH's contention is subject to substantial question and debate.  This substantial question and debate demonstrates that IPH has not made a showing of a substantial likelihood of success on the merits of its breach of contract claim.

Similarly, I conclude that IPH has not made a strong showing of likelihood of success on the merits of its promissory estoppel claim. First, this claim is based on promises allegedly made by Amtrak in the course of the contract negotiations that IPH claims ripened into a valid contract.  When those promises are viewed as being made as part of the negotiation of a complex contract, a substantial question arises about the reasonableness of the plaintiff's reliance on those promises.  This is not to say that IPH cannot establish a promissory estoppel claim.  But, on the current record, the nature of the promises and the reasonableness of IPH's reliance is open to substantial debate.  This substantial debate demonstrates that IPH has not made the required showing of a substantial likelihood of success on the merits of its promissory estoppel claim.

In addition, I note that IPH has not cited any authority to support the proposition that injunctive relief is a proper remedy in the context of a promissory estoppel claim.  Generally, when a party acts in reasonable reliance on the promise of another, and suffers a detriment based on its action, the remedy is in the nature of restitution to restore the plaintiff to the position it occupied before it acted in reliance on the promise.  Here, IPH seeks to enforce Amtrak's alleged promise via an injunction, rather than

asking that it be compensated for the detriment it suffered. In terms of the injunctive relief IPH seeks, I conclude that IPH has not made a strong showing that it is likely to succeed on the merits of its claim for injunctive relief based on promissory estoppel.

### C. Irreparable Injury

Generally, an injury is considered to be irreparable when it is incapable of being fully compensated for in damages or where the measure of damages is so speculative that it would be difficult if not impossible to correctly arrive at the amount of the damages. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quotation and citation omitted).

IPH outlines in its complaint and its motion certain costs it has incurred in preparation for the operation of the ski train. If IPH is entitled to relief in this case, then those costs readily can be compensated for in damages. Such costs, past or future, do not constitute irreparable injury for the purpose of a temporary restraining order.

At today's hearing, IPH argued that its reputation will be harmed if it is not able to begin running the ski train as scheduled. IPH argues that this injury to its reputation is irreparable. The record contains little if any evidence that IPH carries a substantial reputation in the market for the ski train's services. Further, even if IPH's reputation is at risk, I conclude that such reputational injury is not necessarily irreparable. In the context of this case, rather, I conclude that the measure of damages for any such injury is not so speculative that it would be difficult or impossible to arrive at a measure of damages to compensate for such injury.

### V. CONCLUSION & ORDERS

On the current record, I conclude that IPH has not made a strong showing of likelihood of success on the merits of its breach of contract claim or its promissory estoppel claim. In addition, I conclude that IPH has not shown that it is likely to suffer irreparable injury if a temporary restraining order does not issue. Given these two conclusions, I decline to address the other factors applicable to a temporary restraining order analysis. Absent evidence to establish the first and second essential elements of proof necessary to obtain a disfavored form of temporary restraining order, the plaintiff's motion for temporary restraining order must be denied.

### IV.  ORDER

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion for Temporary Restraining Order and Mandatory Preliminary Injunction** [#2] filed December 22, 2009, insofar as it seeks a temporary restraining order, is **DENIED**; and

2. That the parties shall contact the court's chambers on January 6, 2010, at 10:00 a.m. to set the plaintiff's motion for preliminary injunction [#2] for hearing, if necessary.

Dated December 23, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge