IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02977-REB-KLM

IOWA PACIFIC HOLDINGS, LLC,

    Plaintiff,

vs.

NATIONAL RAILROAD PASSENGER
CORPORATION,

    Defendant.

## PROTECTIVE ORDER

Upon consideration of the stipulation of Plaintiff Iowa Pacific Holdings, LLC ("IPH" or "Plaintiff") and Defendant National Railroad Passenger Corporation ("Amtrak" or "Defendant") (together, the "parties"), for a Protective Order concerning certain information and documents provided during the course of this litigation, which the parties claim constitute sensitive and confidential information according to current law, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is:

**ORDERED** as follows:

1. Any documents produced or exchanged by any of the parties to this action, or any of their attorneys, and any information contained in responses to interrogatories or in any other discovery, including but not limited to deposition testimony and deposition exhibits, which a party in good faith believes contain confidential proprietary information, trade secrets, or confidential personnel information, may be designated as

confidential, and all documents and information so designated and all copies thereof (hereinafter referred to collectively as "the Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; PROVIDED, however, that counsel for the party designating information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

2. Documents shall be designated as confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Deposition testimony may be designated as confidential either orally on the record at the deposition or in writing after the completion of the deposition, provided that written notice of the designation is promptly given to all counsel of record within ten (10) business days after the deponent signs or waives signature of the transcript, during which time all deposition testimony and transcripts will be considered Confidential Information.

3. Any party wishing to challenge the designation of any document as confidential by the other party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within 10 business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion within 10 days of the expiration of the 10 day resolution period requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a

motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

4. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating information as confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

    (a) attorneys and legal assistants, whether employees or independent contractors, of counsel's firms and to any other employee of counsel's firms who shall handle the Confidential Information under normal office procedure;

    (b) any person the attorneys in good faith believe will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness"), provided that such Potential Witnesses shall be shown only Confidential Information that relates to issues of which counsel reasonably believes the Potential Witness has some prior knowledge, and only such Confidential Information as counsel deems reasonably necessary to allow for the full and fair exploration and presentation of information possessed by the Potential Witness;

(c) experts or consultants retained by the parties with respect to this action;

(d) the parties;

(e) any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action; and

(f) the Court and its employees.

5. Prior to disclosing any Confidential Information to any person listed above (other than those identified in paragraphs 4(a), (d), (e), and (f)), the parties or their counsel shall provide such person with a copy of this Order and obtain from such person a written Nondisclosure Agreement (a copy of which is attached as Exhibit A) acknowledging that he or she has read this Order, agrees to be bound by its provisions, and consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Order.

6. Neither the Confidential Information nor its contents shall be used or disclosed for any purpose unrelated to this action.

7. Upon the request of a party, the parties and any person to whom Confidential Information is disclosed utilizing the Nondisclosure Agreement described in paragraph five (5) shall destroy or return all Confidential Information to the party who designated it as such within 30 days after the final resolution of this action (by the expiration of any appeal period after a final judgment, by a final, effective settlement

agreement, or by other written agreement of the parties) and shall certify in writing that they have done so by the end of that 30-day period.

8. The provisions of this order shall not limit the parties' ability to make full use of otherwise admissible Confidential Information at any stage of this litigation as necessary, including but not limited to, attachments to pleadings, exhibits to depositions or at trial. If, however, either party submits Confidential Information to the Court as an attachment to pleadings, motions, depositions or to any other document filed with the Court, such submission shall be made under seal and opened only by order of the Court in accordance with the local rules of the District of Colorado.

9. The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals there from, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

10. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

11. Notwithstanding anything in this Protective Order to the contrary, all disputes regarding the designation of documents as confidential, shall be brought to the attention of the Court no later than Thirty (30) days before the dispositive motion deadline.

DATED this 30th day of June, 2010.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

**STIPULATED TO:**

| | |
|---|---|
| GODFREY & LAPUYADE, P.C. | HOGAN LOVELLS US LLP |
| s/ Jeffrey D. Bursell<br>Jeffrey D. Bursell<br>Godfrey & Lapuyade, P.C.<br>9557 South Kingston Court<br>Englewood, CO 80112-5952<br>bursell@godlap.com | s/Dugan Bliss<br>Edwin P. Aro<br>Dugan Bliss<br>Hogan Lovells US LLP<br>1200 17th Street, Suite 1500<br>Denver, CO 80202<br>ed.aro@hoganlovells.com<br>dugan.bliss@hoganlovells.com |
| LOWIS & GELLEN, LLP | |
| s/Robert Smeltzer<br>Gerald Haberkorn<br>Robert Smeltzer<br>Lowis & Gellen, LLP<br>200 West Adams Street, Suite 1900<br>Chicago, IL 60606<br>geraldh@lowis-gellen.com<br>rsmeltzer@lowis-gellen.com | ATTORNEYS FOR DEFENDANT |
| ATTORNEYS FOR PLAINTIFF | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2010, I electronically filed the foregoing **PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Jeffrey D. Bursell
Godfrey & Lapuyade, P.C.
9557 South Kingston Court
Englewood, CO 80112-5952
bursell@godlap.com

Gerald Haberkorn
Robert Smeltzer
Lowis & Gellen, LLP
200 West Adams Street, Suite 1900
Chicago, IL 60606
geraldh@lowis-gellen.com
rsmeltzer@lowis-gellen.com

            s/Dugan Bliss

## Exhibit A

## Nondisclosure Agreement

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in Iowa Pacific Holdings, LLC v. National Railroad Passenger Corporation, Civil Action No. 09-cv-02977-REB-KLM, pending in the United States District Court for the District of Colorado, and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further Order of the Court.

I acknowledge that I am about to receive Confidential Information in said action and certify my understanding that such Information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such information, and any copies I make of any documentary material containing Confidential Information, or any notes or other records that may be made regarding any such information, shall not be disclosed to others, except other qualified persons as identified in the Protective Order. I hereby consent to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing the Protective Order.

Signed: _____

Title: _____

Dated: _____