IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02977-REB-KLM

IOWA PACIFIC HOLDINGS, LLC,

    Plaintiff,

vs.

NATIONAL RAILROAD PASSENGER
CORPORATION,

    Defendant.

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS PROPOSED JURY
INSTRUCTIONS AND VERDICT FORM**

---

After conferring on the proposed jury instructions and verdict forms, Plaintiff Iowa Pacific Holdings, LLC ("IPH") and Defendant National Railroad Passenger Corporation ("Amtrak") have been unable to agree on three jury instructions and the verdict form. For the following reasons, IPH requests that its competing versions of these documents be given at trial.

### A.    Competing Instruction 1 – Intent to be Bound

IPH's competing instruction (Comp.-P-01) regarding intent is taken verbatim from the Standardized Civil Jury Instructions for the District of Columbia[1]. *See* Civil Jury Instructions for DC § 11.07. This instruction succinctly and accurately describes D.C.'s requirement that an enforceable contract requires proof that the parties intended to be bound. *See Strauss v. Newmarket Global Consulting Group, LLC*, 5 A.3d 1027, 1032

---

[1] The parties have agreed that the law of the District of Columbia applies to IPH's breach of contract claim.

(D.C. 2010); *Baker v. Office Space Development Corp.*, 664 A.2d 1236, 1238 (D.C. 1995); *Edmund J. Flynn Co. v. LaVay*, 431 A.2d 543, 547 (D.C. 1981).

In contrast, Amtrak's competing instruction (Comp.-D-01) includes unnecessary and irrelevant details that improperly slant the instructions in its favor. For example, Amtrak in effect tries to increase IPH's burden of proof by stating: "Where the parties have prepared written drafts, but no draft contains all the material terms, the burden of showing the parties agreed to be bound by their oral representations alone is particularly onerous." Although courts have indicated that oral contracts are more difficult to prove, *i.e.* "particularly onerous" (*see e.g., Novecon, Ltd. v. Bulgarian-American Enter. Fund*, 967 F.Supp. 1382, 1387 (D.D.C. 1997), aff'd, 190 F.3d 556 (D.C. Cir. 1999); *Jack Baker, Inc. v. Office Space Dev. Corp.*, 664 A.2d 1236, 1238 (D.C. 1995)), IPH still has burden of proving the existence of a valid oral contract by a preponderance of the evidence (*see In re Tinney*, 518 A.2d 1009, 1013 (D.C. 1986)). As a result, Amtrak should not be allowed to confuse the jury with language to the contrary.

In addition, Amtrak's competing instruction on intent contains many statements regarding the parties' agreement on all essential terms. However, the issues surrounding the parties' agreement on all the essential terms are already accurately addressed in two stipulated instructions: "contract formation – elements" and "certainty." *See* Stip-15 ("A 'meeting of the minds' occurs when both parties have the same understanding of the essential terms of the contract and agree to those terms."); Stip.-19 ("To be legally enforceable, the essential terms of a contract must be reasonably certain."). Accordingly, there is no reason for Amtrak to repeat them again, particularly using different and, therefore, possibly confusing terminology.

### B. Competing Instruction 2 – Oral Contracts

Again, IPH's competing instruction (Comp.-P-02) regarding oral contracts is taken directly from the Standardized Civil Jury Instructions for the District of Columbia. *See* Civil Jury Instructions for DC § 11.10. In compliance with law of the District of Columbia, this instruction simply states that oral contracts are enforceable and have the same elements as any other contracts. *See Baker*, 664 A.2d at 1238; *Jack Baker, Inc.*, 664 A.2d at 1238; *Standley v. Egbert*, 267 A.2d 365, 367 (D.C. 1970). Amtrak, however, seeks to unnecessarily complicate this rather straightforward instruction by rearguing its entire motion for summary judgment. In its version of the completing instruction (Comp.-D-02), Amtrak lists numerous factors for determining whether the parties intended to enter into an oral contract. These issues, however, should be, and are, succinctly addressed within another jury instruction: proof of the parties' intent to be bound. *See* Comp.-P-01 ("In determining whether the parties intended to be bound, you may consider the words and conduct of the parties during the negotiation of the contract, as well as the surrounding circumstances."). Accordingly, Amtrak should not be allowed to "stack the deck" by repeating the same instructions to the jury time and time again.

### C. Competing Instruction 3 – Conditions Precedent

The final instruction in contention concerns the affirmative defense of conditions precedent. While both parties' proposed jury instructions contain the general rules for a conditions precedent as set forth in the Standardized Civil Jury Instructions for the District of Columbia (*see* Civil Jury Instructions for DC § 11.16), unlike IPH, Amtrak's competing instruction does not contain the clearly applicable D.C. law regarding the doctrine of prevention (compare Comp.-P-03, with Comp.-D-03). Under this doctrine,

performance of a condition precedent is excused if the defendant's actions prevented or substantially contributed to preventing its occurrence. *Reiman v. Int'l Hospitality Group*, 558 A.2d 1128, 1132 (D.C. 1989); *R.A. Weaver & Assoc. v. Haas & Haynie Corp.*, 663 F.2d 168, 176 (C.A.D.C. 1980); *Shear v. National Rifle Ass'n of America*, 606 F.2d 1251, 1254-55 (D.C. 1979). As the evidence will demonstrate that Amtrak itself was responsible for the non-occurrence of many of the alleged conditions precedent, the prevention doctrine is highly relevant. Moreover, IPH's competing instruction (Comp.-P-03) is taken from the Standardized Civil Jury Instructions for the District of Columbia on the prevention doctrine, which expressly notes that this instruction should be coordinated with the Standardized Jury Instruction on condition precedent. *See* Civil Jury Instructions for DC § 11.20 and cmt 1. That is precisely what IPH has done by combining them.

### D. Competing Jury Verdict Forms

The primary difference between IPH's and Amtrak's proposed verdict forms is the specificity of questions posed to the jury. Although Amtrak seeks written questions on each of the elements of breach of contract (Comp.VF-D-1), such questions are unnecessary in this case. There is only one claim before the jury and the instructions are rather simple and straightforward. As a result, the general verdict form requested by IPH is all that is required. *See* Comp.VF-P-1.

In addition, IPH takes issue with some of the language utilized by Amtrak in its proposed verdict form. For example, Amtrak uses the ambiguous language: "Did IPH prove that IPH and Amtrak came to a meeting of the minds at the same time on all of the essential terms and conditions of such oral contract?" Comp.VF-D-1 at p. 1. This

4

sentence, intentionally or not, could be read to wrongly suggest that all essential terms of an oral contract must be discussed and agreed to at the same moment, *i.e.* that parties cannot agree to essential terms at different points in time.

Amtrak's proposed verdict form also does not contain issues of law vital to IPH's theory of the case. In particular, Amtrak's proposed form asks: "Did IPH prove that it substantially performed its contract obligations to Amtrak?," but fails to mention the doctrine of anticipatory breach. Comp.VF-D-1 at p. 2. This wrongly suggests to the jury that IPH had some duty to perform after Amtrak made clear that it would not. Finally, Amtrak's section on condition precedent again fails to account for the prevention doctrine. Comp.VF-D-1 at p. 3.

In sum, Amtrak's proposed jury verdict form is both unnecessarily detailed and, yet, missing important issues of law. Accordingly, this Court should use the succinct and thorough jury verdict form proposed by IPH.

## CONCLUSION

For the foregoing reasons, IPH respectfully requests that its proposed versions of the contested jury instructions, Comp.-P-01, Comp.-P-02, and Comp.-P-03, and the contested verdict form, Comp.VF-P-1, be used at trial.

Respectfully submitted,

IOWA PACIFIC HOLDINGS, LLC,

By:   s/ Robert H. Smeltzer
       One of its attorneys

Gerald Haberkorn
Robert H. Smeltzer
LOWIS & GELLEN, LLP
200 West Adams Street, Suite 1900
Chicago, Illinois 60606
(312) 364-2500
Firm I.D. 32517

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May 2011, a copy of the foregoing **Plaintiff's Memorandum in Support of Its Proposed Jury Instructions and Verdict Form** was served on the below attorneys via the Court's Electronic Case Filing system, before 12:00 a.m.

Daniel Dunn
David DeMarco
Hogan Lovells US LLP
1200 17th Street, Suite 1500
Denver, CO 80202

s/ Robert H. Smeltzer
Robert H. Smeltzer
