IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02977-REB-KLM

IOWA PACIFIC HOLDINGS, LLC,

    Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Rule 37 Motion for Sanctions for Rules 26 Violations** [Docket No. 118; Filed May 20, 2011] (the "Motion").  The Court set the Motion for hearing and expedited the time for Plaintiff to respond.  Plaintiff filed a Response in opposition to the Motion on June 6, 2011 [Docket No. 138], and a hearing was held on June 9, 2011 [Docket No. 140].  The Motion is ripe for resolution.  For the reasons set forth below and explained on the record at the hearing,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED and in part**.

This matter involves a failed contractual relationship between the parties. Specifically, the parties were in negotiations to provide train service between Denver and Winter Park, Colorado for the 2009-10 ski season.  Pursuant to the negotiations, Plaintiff would supply the train and Defendant would provide a crew and rail access ("Ski Train"). *See Scheduling Order* [#35] at 2.  After discussions for the Ski Train broke down, Plaintiff

filed this lawsuit, which alleges claims against Defendant for breach of an oral contract and promissory estoppel.  *Id.*  Trial is set to begin on June 27, 2011.

The framework for the present dispute is adequately set forth in the parties' briefing on the Motion.  *See Motion* [#118] at 2-7; *Response* [#138] at 2-7.  In summary, Defendant contends that Plaintiff failed to sufficiently disclose the total amount of and certain bases for its alleged reliance damages relating to its promissory estoppel claim.  *See Motion* [#118] at 2-7.  Although Defendant takes issue with the way Plaintiff handled discovery related to its reliance damages throughout the duration of the case, see *id.* at 9-11, the primary justification for the Motion is that on the eve of the close of discovery, Plaintiff attempted to supplement its previously disclosed figure of $1.4 million with $500,000 of additional reliance damages related to undisclosed and increased expenditures.  *Id.* at 1-14.  The supplementation occurred during the deposition of Plaintiff's principle executive, Ed Ellis, where Mr. Ellis testified that the initial spreadsheet produced by Plaintiff had understated the reliance damages "by half a million dollars."  *Id.* at 5-6. Although Defendant was able to depose Mr. Ellis regarding the general basis for his statement, his testimony was relatively vague regarding how the additional reliance damages were calculated and which expenses were at issue.  After the close of discovery, Plaintiff produced a revised spreadsheet ("May 2011 spreadsheet") which formally added items of expenditure and amended the reliance damages calculation to approximately $1.9 million (after deletion of an erroneously added item in the amount of $1.4 million).  *Id.* at 6; *Hearing Exhibit* (attached).

Defendant contends that Plaintiff's failure to timely disclose its full and complete reliance damages should result in one of the following sanctions:  (1) Plaintiff should be

prohibited from introducing evidence related to any reliance damages at trial; (2) Plaintiff should be prohibited from introducing evidence related to any figure of reliance damages over $1.4 million at trial; or (3) the trial should be reset and discovery reopened. *Motion* [#118] at 12-14.

Pursuant to Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." The issue here is harm to Defendant. In the Tenth Circuit, the existence of harm is gauged by considering: (1) the prejudice to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Considering the *Woodworker's* factors, the Court agrees that Defendant has been prejudiced by the untimely supplementation of Plaintiff's reliance damages. However, this prejudice can be cured by permitting narrowly-tailored discovery. Moreover, despite the untimely disclosure of the May 2011 spreadsheet, given that the parties were already planning to address the issue of reliance damages at trial, the introduction of additional evidence regarding those damages will not unduly disrupt the trial. As to whether Plaintiff's conduct justifies exclusion of evidence, there is no evidence on this record that Plaintiff's conduct was willful. While Plaintiff's conduct can be characterized as sloppy, sloppiness does not equate to bad faith. *See United States v. Lain*, ___ F.3d ___, 2011 WL 1798017, at *4 (10th Cir. 2011) ("Sloppy work alone does not support a claim of . . . bad faith . . . .").

Particularly considering that the prejudice to Defendant can be cured, the Court finds

that Plaintiff's untimely supplementation of its reliance damages should not result in the sanction of exclusion of all evidence of such damages.  Accordingly, the Motion is granted as to Defendant's request to reopen discovery.  The Motion is denied in all other respects.

IT IS FURTHER **ORDERED** that discovery is reopened for the limited purpose of permitting Defendant to conduct a Fed. R. Civ. P. 30(b)(6) deposition related to any items on the May 2011 spreadsheet which it believes that it did not have an adequate opportunity to explore during discovery.  The deposition shall be no longer than **three (3) hours** and may be conducted either by telephone or in person, at Defendant's discretion.

IT IS FURTHER **ORDERED** that Plaintiff shall pay any costs associated with the deposition, including travel expenses and both parties' reasonable attorneys' fees.[1]  The deposition must occur no later than **June 17, 2011**, unless Defendant chooses to take the deposition at any later time prior to trial.

Dated:  June 9, 2011

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix

---

[1] While Fed. R. Civ. P. 37(c)(1)(A) authorizes an award of the reasonable expenses incurred to litigate the discovery dispute, such an award is limited to the Court's discretion. Although Defendant was partially successful here, the matter could have been resolved in a more timely manner by bringing the issue to the Court's attention during or at the conclusion of Mr. Ellis' deposition.  Further, Defendant's success on the Motion is limited to a remedy that Plaintiff was willing to provide to resolve the matter.  *See Response* [#138] at 11.  As such, I exercise my discretion to award no expenses to Defendant other than those set forth above.