**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-02977-REB-KLM

IOWA PACIFIC HOLDINGS, LLC,

    Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION,

    Defendant.

## ORDER

**Blackburn, J.**

The matters before me are (1) **Defendant's Supplemental Post-Trial Motion for Judgment Notwithstanding the Verdict or, in the Alternative, for a New Trial** [#188],[1] filed September 2, 2011; and (2) **Plaintiff's Motion To Alter or Amend the Findings of Fact and Judgment Regarding its Promissory Estoppel Claim** [#190], filed September 16, 2011.  I deny defendant's motion, grant plaintiff's motion, and order the judgment amended accordingly.

On June 27-July 7, 2010, this matter came before me for a combined jury and bench trial.  Plaintiff, Iowa Pacific Holdings, LLC, and defendant, National Railroad Passenger Corporation, appeared through their respective attorneys.  The jury returned a verdict in favor of plaintiff for $1,149,950.00 on its claim for breach of oral contract, and on July 13, 2011, a partial judgment was entered on the verdict [#177].  Subsequently, I

---

[1] "[#188]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

entered judgment in favor of defendant on plaintiff's promissory estoppel claim (*see* **Findings of Fact, Conclusions of Law, and Orders** [#180], filed August 16, 2011), and the judgment was supplemented accordingly (*see* [#184], filed August 19, 2011).

Plaintiff suggests that my findings are moot in light of the jury's verdict in its favor on the breach of oral contract claim. I find this argument curiously belated and question why plaintiff failed to dismiss its allegedly mutually exclusive promissory estoppel claim after the jury rendered a verdict in plaintiff's favor on the breach of oral contract claim. Nor is plaintiff's present argument precisely in line with its arguments during trial, where the focus of the promissory estoppel claim was the specific and narrow promise to provide a two-person crew, whereas the breach of oral contract claim encompassed the entirety of the essential terms of the contract.[2]

Nevertheless, in ruling on that purportedly narrower issue, I made broader, more general statements that, in hindsight, impugn the jury's verdict. In particular, my conclusions regarding the promissory estoppel claim conflict with the jury's

---

[2] Under Colorado law, the doctrine of promissory estoppel is applicable only in the absence of an otherwise enforceable contract. ***Gilmore v. Ute City Mortgage Co.***, 660 F.Supp. 437, 440 (D. Colo. 1986); ***Wheat Ridge Urban Renewal Authority v. Cornerstone Group XXII, L.L.C.***, 176 P.3d 737, 741 (Colo. 2007). It "provid[es] a remedy for those who rely to their detriment, under certain circumstances, on promises, despite the absence of any mutual agreement by the parties on all the essential terms of a contract." ***Wheat Ridge Urban Renewal Authority***, 176 P.3d at 741. In my conclusions of law, I noted this aspect of plaintiff's claim, but qualified it by further recognizing

> that although a valid claim for promissory estoppel does not require that the promise giving rise to the cause of action must be so comprehensive in scope as to meet the requirements of an offer that would ripen into a contract if accepted by the promisee, the promise must be one that the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee.

(**Findings of Fact, Conclusions of Law, and Orders** ¶ 9 at 9 (citation and internal quotation marks omitted).) Because plaintiff's promissory estoppel claim was premised specifically and solely on a promise to provide a two-person crew for operation of the revived ski train, I concluded that such a narrow promise could not reasonably have justified plaintiff's reliance. (***Id.*** ¶ 10 at 9.)

determination, implicit in its finding in plaintiff's favor on the breach of oral contract claim, that there was a meeting of the minds as to all essential terms of that contract. Likewise, the jury's determination that plaintiff incurred and was entitled to reliance damages in connection with that claim necessarily implies that its reliance was reasonable, contrary to my own determination.

Given this conflict, the jury's verdict must prevail. "The Seventh Amendment protects a party's right to a jury trial by ensuring that factual determinations made by a jury are not thereafter set aside by the court, except as permitted under common law. . . . Thus, under the Seventh Amendment, the court may not substitute its judgment of the facts for that of the jury." **Ag Services of America, Inc. v. Nielsen**, 231 F.3d 726, 730-31 (10th Cir. 2000), **cert. denied**, 121 S.Ct. 1961 (2001). Accordingly, I am bound by both the jury's explicit findings of fact as well as any findings necessarily implicit in its verdict. **See Bartee v. Michelin North America, Inc.**, 374 F.3d 906, 912-13 (10th Cir. 2004); **Smith v. Diffee Ford-Lincoln-Mercury, Inc**., 298 F.3d 955, 965-66 (10th Cir. 2002). These include the relevant findings noted herein – that there was a meeting of the minds as to all essential terms of a contract and that plaintiff's reliance on the contract was reasonable.

Contrary to defendant's argument, the mere fact of my difference of opinion as to the effect of the evidence presented at trial does not suggest that the jury's verdict is insupportable and a new trial indicated. **See Skinner v. Total Petroleum, Inc.**, 859 F.2d 1439, 1443 (10th Cir. 1988). This is a case as to which reasonable minds certainly could – and actually did – differ. "A new trial is not warranted simply because the court would have reached a different verdict." **Hillman v. U.S. Postal Service**, 169 F.Supp.2d 1218,

1222 (D. Kan. 2001) (citation and internal quotation marks omitted).  Such is the case here, and accordingly, defendant's motion must be denied.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That **Defendant's Supplemental Post-Trial Motion for Judgment Notwithstanding the Verdict or, in the Alternative, for a New Trial** [#188] filed September 2, 2011, is **DENIED**;

      2.  That **Plaintiff's Motion To Alter or Amend the Findings of Fact and Judgment Regarding its Promissory Estoppel Claim** [#190] filed September 16, 2011, is **GRANTED**;

      3.  That the **Findings of Fact, Conclusions of Law, and Orders** [#180] filed August 16, 2011, are **VACATED**;

      4.  That plaintiff's claim for promissory estoppel is **DENIED AS MOOT**; and

      5.  That the **Supplemented Final Judgment** [#184] filed August 19, 2011, shall be **AMENDED** by the deletion of paragraphs 8 and 9 at page 2, and the following paragraph 8 **SUBSTITUTED** in their stead:

> "8.  That the claim for promissory estoppel of the plaintiff, Iowa Pacific Holdings, LLC, is **DENIED AS MOOT**, and the partial **Final Judgment** [#177] filed July 13, 2011, is **SUPPLEMENTED** accordingly."

Dated February 14, 2012, at Denver, Colorado.

                              **BY THE COURT:**

                              */s/ Robert E. Blackburn*
                              Robert E. Blackburn
                              United States District Judge